NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 6, 2018

Erin F. Darden, Esq.
United States Department of Justice
Tax Division
P.O. Box 227
Washington, DC 20044
*Counsel for Plaintiff United States of America*

Robert J. DeGroot, Esq.
60 Park Place
Newark, NJ 07102
*Counsel for Defendant Stuart Erling*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:     United States v. Erling**
**Civil Action No. 16-6681 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff United States of America's ("Plaintiff") Motion for Summary Judgment against Defendant Stuart Erling ("Defendant") pursuant to Federal Rule of Civil Procedure 56(a). This Court having considered Plaintiff's unopposed submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, grants Plaintiff's motion.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a

material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.[1]

B.  <u>Plaintiff is Entitled to Summary Judgment as There Are no Genuine Issues of Material Fact as to Plaintiff's Claims.</u>

Because this Court assumes the parties' familiarity with the factual and procedural history of this matter, it sets forth only those facts necessary to resolve the pending motion. From 1995-1997, Defendant "was the sole owner of B.F.A Window Inc." ("BFA"). (Dkt. No. 28-1 ¶ 1.) BFA failed to pay appropriate income taxes during that time, and on April 17, 2006, a delegate of the Secretary of the Treasury assessed federal income taxes and fraud penalties against Defendant in the amount of $311,112.00. (*Id.* ¶¶ 2-3.) From 2005-2011, Defendant was the sole member owner of JAJ Construction, LLC ("JAJ"). (*Id.* ¶ 4-6.) In connection with his ownership of JAJ, and his failure to report income derived from that entity, a delegate of the Secretary of the Treasury assessed federal income taxes against Defendant in the amount of $471,470.00. (*Id.* ¶¶ 7-16.) Interest and penalties have also been assessed against Defendant pursuant to 26 U.S.C. §§ 6601, 6621, and 6651. (*Id.* ¶¶ 17-19.) In total, Defendant owes $1,765,472.00 in tax liabilities and penalties. (*Id.* ¶ 19.) Plaintiff provided Defendant with notice of and demand for payment, but Defendant has not paid the liabilities set forth above. (*Id.* ¶¶ 20-21.)

On October 6, 2016, Plaintiff filed suit in this Court seeking to recover the monies Defendant owes. (Dkt. No. 1.) On October 4, 2018, Plaintiff moved for summary judgment. (Dkt. No. 28.)

Assessments made by the Internal Revenue Service that a taxpayer owes unpaid taxes are "entitled to a legal presumption of correctness" that may only be overcome if a taxpayer shows

---

[1] This standard holds even where, as here, the motion is unopposed. *See, e.g.*, Fed. R. Civ. P. 56(e)(3); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); *Reed v. United States*, Civ. No. 16-3994, 2018 WL 4300123, at *3 (D.N.J. Sept. 10, 2018).

by a preponderance of the evidence that the assessments are incorrect. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Sullivan v. United States*, 618 F.2d 1001, 1008 (3d Cir. 1980). Plaintiff has clearly set out Defendant's ownership of the companies at issue, the tax liabilities incurred by him, and the penalties assessed against him for his fraudulent conduct and failure to pay. Defendant has declined to oppose Plaintiff's motion, and, therefore, has failed to show that those assessments are incorrect. There being no genuine issue of material fact as to Defendant's liabilities, Plaintiff's motion for summary judgment will be granted.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED**. An appropriate order follows.

　　　　/s/ Susan D. Wigenton　　　
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:　Clerk
cc:　　Parties
　　　　Leda D. Wettre, U.S.M.J.